14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Douglas WELLS, Plaintiff-Appellant,
v.
James H. THIERET, et al., Defendants-Appellees.
 No. 91-3930.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993.*
Decided Jan. 12, 1994.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ten inmates formerly or currently housed in the Protective Custody Unit (PC) of the Menard Correctional Center, including Douglas Wells, filed a civil rights action against prison officials at Menard for the violation of their Eighth and Fourteenth Amendment rights. 42 U.S.C. Sec. 1983. They alleged exposure to smoke from fires started by inmates housed in the Segregation Unit and the failure of prison officials to prevent or promptly extinguish fires; to supervise the cellblock; and to provide adequate ventilation. The court referred the claim to a magistrate judge for an evidentiary hearing pursuant to 28 U.S.C. Sec. 636(b)(1)(B). See McCarthy v. Bronson, 111 S.Ct. 1737 (1991). Following the three-day hearing, the magistrate judge filed a report recommending that judgment be granted for the defendants and against the plaintiffs because the defendants did not intentionally or recklessly subject plaintiffs to the smoke, nor did the defendants deny them equal protection. The district court, after conducting a de novo review, adopted the magistrate judge's report, and only Wells appealed. We review the district court's findings of fact under a clearly erroneous standard, and the legal analysis de novo. Fed.R.Civ.P. 52(a).
 
 
 2
 In order to establish an Eighth Amendment violation, Wells must show that the conditions he was forced to endure were beyond the bounds of decency when judged against an objective standard, and that the prison officials either intentionally or recklessly subjected him to these conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2325 (1991). The minimum intent required is "actual knowledge of impending harm easily preventable." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). The magistrate judge thoroughly considered the evidence and made comprehensive findings concerning the steps that the defendants took to address the problem of fires and smoke in the cellblock. For example, the cellblock had been evacuated three or four times prior to the filing of this action; the cellblock has fire hoses, fire extinguishers and smoke alarms; and in 1988 a smoke extraction system was activated which had been proposed and approved in 1985 in response to a report by the state fire marshal. These findings are not clearly erroneous. To the extent Wells challenges the credibility determinations made, we will defer to the fact-finder. Rodgers v. Western-Southern Life Ins. Co., No. 93-1125, slip op. at 9 (7th Cir. Dec. 17, 1993). Wells also argues that Menard officials could have taken quicker and more effective safety measures to prevent and control the exposure to smoke, such as restricting matches and combustible materials by inmates in segregation. Essentially, he challenges the reasonableness of the defendants' efforts. Mere negligence does not satisfy the deliberate indifference standard. Rather, Wells must demonstrate "something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir.1992) (citing McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992) and Franzen, 780 F.2d at 653)). He has failed to make that showing so we conclude that the district court properly entered judgment in favor of the defendants.
 
 
 3
 In analyzing Wells' equal protection claim, we note that prisoners do not constitute a suspect class, Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir.1990), nor do they have a fundamental right to a particular housing classification. Therefore, the classification need only be rationally related to a legitimate governmental interest. In this case, the government has a legitimate interest in housing inmates according to protective or security needs. Wells' contention that inmates in PC, and not other inmates, were subjected to smoke is not sufficient to show that similarly situated persons were treated dissimilarly. Rather, Wells must show that the defendants singled out PC inmates for disparate treatment and selected their course of action at least in part for the purpose of causing its adverse effects on the group. We agree with the district court that Wells was exposed to the smokey conditions based merely on his housing location, not because of any improper motive of the defendants. See Gray v. Lacke, 885 F.2d 399, 414 (7th Cir.1989), cert. denied, 494 U.S. 1029 (1990); Huebschen v. Department of Health & Social Servs., 716 F.2d 1167, 1171 (7th Cir.1983).
 
 
 4
 Wells challenges the district court's denial of class certification. The court rejected the request because the proposed class members were relatively small in number and confined to the Protective Custody Unit. We question the district court's conclusion given the uncontradicted evidence proffered by Wells that approximately 20 of the 300 inmates in PC are transferred each week. Nevertheless, a class representative must have a claim in his own right to bring a class action. See, e.g., Vanskike v. Peters, 974 F.2d 806, 812 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993); Tidwell v. Schweiker, 677 F.2d 560, 566 (7th Cir.1982, cert. denied, 461 U.S. 905 (1983). Because we have concluded that Wells was not entitled to relief, we also conclude that the district court did not commit reversible error in denying class certification.
 
 
 5
 Wells also argues that the district court abused its discretion in denying his motion for appointment of counsel. He contends that the denial of counsel and effectively the denial of pretrial discovery amounted to a violation of his right to due process. An attorney was appointed to represent all the plaintiffs, including Wells. Wells notified his attorney that he "wish[ed] to proceed alone" and the court allowed counsel to withdraw his appearance on behalf of Wells. Wells later moved for appointment of counsel which the court denied. We find no abuse of discretion in the court's decision. Wells appeared competent to represent himself and there is no indication from the record that the presence of separate counsel for Wells would have made a difference in the outcome. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.), cert. denied, 62 U.S.L.W. 3334 (1993). Although Wells details his disagreements with counsel's representation and suggests documents that should have been proffered at trial, there is no evidence in the record that any alleged restrictions on Wells' pre-trial access to documents amounted to a denial of due process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record